## A. J. WILLIAMS *v.* SHARKEY COUNTY.

ASSESSOR. *Fees of.* *Laws* 1894, *p.* 28.

> The additional compensation, not exceeding ten cents for each individual assessed on the personal roll, may or may not be allowed, within the discretion of the board of supervisors.

FROM the circuit court of Sharkey county.

HON. PATRICK HENRY, Special Judge.

The plaintiff, Williams, was the assessor of Sharkey county, and made the assessments thereof in the years 1894 and 1895.

He demanded for his official services, as additional compensation, under the act of February 7, 1894, ten cents for each individual assessed on the personal roll. The board of supervisors, claiming a discretion in the premises, only allowed one-half of the demand in 1894, and disallowed the whole of it in 1895. Thereupon, the plaintiff instituted this suit seeking to recover, on the idea that he was legally entitled to ten cents for each individual so assessed, and that the allowance thereof was not discretionary with the board of supervisors. The county demurred to the declaration, and the court below sustained the same, dismissing the suit. The plaintiff appealed.

*R. L. McLaurin,* for the appellant.

The appellant bases his right of action on the provision of the act of 1894 (Laws 1894, p. 28), which, in regard to the assessment of individuals, reads as follows, viz.: "And the board of supervisors in any county may, in addition, allow the assessor not exceeding ten cents for each individual assessed on the personal roll," etc. An examination of former statutes on the subject will show that the word "may" in this statute should be construed to mean "shall," and the judgment sustaining the demurrer should be reversed. But if it be held that a discretion is left to the board of supervisors in this matter, it is not of such nature as to prevent control by the courts. It is matter of public concern that public officials should receive due and sufficient compensation for their services, and when the law is permissive in the letter it should be construed to be directory in intention. The appropriation or allowance of this salary by the board of supervisors is not a judicial act, but is ministerial, and within the control of the courts.

*H. J. McLaurin,* for the appellee.

The reporter finds no brief for appellee on file.

WHITFIELD, J., delivered the opinion of the court.

Responding to the request of counsel to decide this case on

the merits, without reference to the technical sufficiency of the declaration, we hold that it was in the discretion of the board of supervisors to allow or disallow the claim. "May" clearly means "may" in the act of 1894, page 28. A comparison of the statutes on the subject demonstrates this. Under § 463, code of 1880, the allowance of a sum of five cents, under this section, for assessing individuals, was committed to the discretion of the board, "may allow" being the language used. In 1884 (Laws, p. 17) "may" was stricken out and "shall" inserted. In 1890 (Laws, p. 35) it was provided that the "assessors . . . shall have and receive, in addition to the compensation now [then] allowed by law, five cents for each poll assessed in each year," etc. By the code of 1892, § 2017, it was provided that the board of supervisors "may allow the assessor five cents for each individual assessed on the personal roll" in addition to the five per centum on the amount of the state tax contained in his assessment, not to be less than $250 nor more than $1,000 in any year, the word "shall" being stricken out and the word "may" restored. In 1894 (Laws, p. 28) the word "may" is continued, the provision, so far as this question is concerned, being that the board "may allow the assessor not exceeding ten cents for each individual assessed on the personal roll, . . . provided no commission or other allowance shall be paid by the state for assessing poll taxes," etc. See, also, Laws of 1882, p. 82, and Laws of 1894, p. 15. The course of legislation on this subject thus makes it clear that as the law stood under the act of 1894, p. 28, ch. 33, whether any amount, and, if any, what amount, should be allowed the assessor for assessing individuals, was committed wholly to the discretion of the board of supervisors, whose determination was final.

*Affirmed.*